# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

BRIAN Y.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:19-CV-5662

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly discounted the opinions of Drs. Quoc Ho, Kimberly Wheeler, and Peter Weiss. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

# FACTUAL AND PROCEDURAL HISTORY

On April 18, 2016, Plaintiff filed applications for SSI and DIB, alleging disability as of December 30, 2013, with an amended alleged onset date of April 1, 2015. *See* Dkt. 8, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ S. Andrew Grace on November 8, 2017, with a supplemental hearing on April 10, 2018. *See* AR 15. In a decision dated July 31, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 33. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 13; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly considering the opinions of Drs. Ho, Wheeler, and Weiss, and Ms. Tiffany Olson. Dkt. 10.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**I.      Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff contends the ALJ erred by improperly considering the opinions of Drs. Ho, Wheeler, and Weiss. Dt. 10, pp. 3-15.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.

1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

A. Dr. Ho

Dr. Ho, Plaintiff's primary care provider, opined Plaintiff needed to lie down for 20 to 30 minutes every two to three hours and would miss four or more days of work per month due to his pain. AR 662-663. Dr. Ho opined Plaintiff was limited to sedentary work and was capable of occasional handling with the left upper extremity. AR 663. Dr. Ho also opined Plaintiff would be limited in his ability to work, look for work, or prepare for work due to his conditions. AR 874.

The ALJ discussed Dr. Ho's opinion and gave it little weight, saying:

> Some weight is give [sic] to this opinion with regard to the claimant's capacity to perform a range of work at the sedentary exertional level; however, the limitation with regard to occasional handling, unscheduled breaks to lie down; [sic] and 4 work absences a month is inconsistent with the objective medical evidence as discussed in this decision.

AR 30 (citations omitted).

First, the ALJ discussed the portion of Dr. Ho's opinion that Plaintiff needed to lie down for 20 to 30 minutes every two to three hours, would miss four or more days of work per month due to his pain, and that Plaintiff was capable of occasional handling with the left upper extremity. AR 30. The ALJ found this portion of Dr. Ho's opinion inconsistent with the objective medical evidence in the record. AR 30. An ALJ may properly reject a physician's opinion which is inconsistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4) (the more consistent an opinion is with the record as a whole, the more weight it will be given); *see also Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 602-03 (9th Cir. 1999) (a medical report's inconsistency with the overall record constitutes a legitimate reason for discounting the opinion). Yet the ALJ must provide his interpretations of the evidence and explain why those interpretations, rather than the physician's interpretations, are correct. *See Embrey,* 849 F.2d at 421.

Here, the ALJ "merely states" Dr. Ho's conclusion are inconsistent with the objective medical evidence, but "makes no effort to relate any of these" facts to "the specific medical opinions and findings he rejects." *See id.*; *see also* AR 30. Without an adequate explanation to support the alleged inconsistency, the Court cannot determine if the alleged inconsistency is a valid reason to discredit Dr. Ho's opinion. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Although the ALJ referenced generally "the objective medical evidence as discussed in this decision", this is not enough to support his conclusion, as the ALJ made no meaningful analysis but instead recited a chronology of Plaintiff's diagnoses and clinical visits. As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey,* 849 F.2d at 421.

By merely listing the objective factors, the ALJ did not provide his interpretations of the evidence or explain why those interpretations were correct. *See generally* AR 30. Due to the conclusory nature of the ALJ's statement, this is not a specific, legitimate reason to discount Dr. Ho's opinion. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

The ALJ also dismissed the portion of Dr. Ho's opinion that Plaintiff's conditions "limit his ability to work, look for work, or prepare for work to zero hours" because this limitation "is not objectively supported by the evidence as discussed in this decision." AR 30. The ALJ again "merely states" these records are inconsistent with the objective medical evidence, but "makes no effort to relate any of these" facts to "the specific medical opinions and findings he rejects." *See Embrey,* 849 F.2d at 421. Without an adequate explanation to support the alleged inconsistency, the Court cannot determine if the alleged inconsistency is a valid reason to discredit Dr. Ho's opinion. *See Blakes*, 331 F.3d at 569. Thus, the ALJ's second reason for discounting Dr. Ho's opinion is not specific and legitimate and supported by substantial evidence.

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for discounting Dr. Ho's opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given great weight to Dr. Ho's opinion, the ALJ may have included additional limitations in the RFC. For example, Dr. Ho opined Plaintiff was capable of occasional handling with the left upper extremity. AR 663. In contrast, in the RFC, the ALJ wrote that Plaintiff "can frequently handle and finger with the left upper extremity. *See* AR 20. Therefore, if Dr. Ho's opinion was given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert ("VE"), the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal.

B. <u>Dr. Wheeler</u>

Dr. Wheeler, Plaintiff's examining psychologist, opined to several mild to moderate limitations she identified in a Washington State Department of Social and Health Services ("DSHS") form. AR 468-476. She also opined Plaintiff has a marked limitation in completing

a normal work day and work week without interruptions from psychologically based symptoms. AR 470. The ALJ gave partial weight to the portion of her opinion regarding Plaintiff's mild and moderate limitations, but found no support "in her evaluation notes or in other evidence" to support Dr. Wheeler's opinion regarding Plaintiff's marked limitations in the ability to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 30. The ALJ did not specify what evidence he meant by "other evidence." Without more information, the Court is unable to determine whether the ALJ's reason is supported by substantial evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence"). Further, the ALJ failed to mention some of Dr. Wheeler's findings that could support her conclusion that Plaintiff cannot complete a normal work day and work week without interruptions from psychologically based symptoms. For example, Dr. Wheeler diagnosed Plaintiff with generalized anxiety, saying he "[w]ould benefit from therapy to address worry/preoccupation." AR 471. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (it is error for the ALJ to ignore or misstate competent evidence in order to justify a conclusion). As the ALJ failed to discuss Dr. Wheeler's opinion in its entirety, the ALJ's reason for discounting Dr. Wheeler's opinion is not specific and legitimate and supported by the record. The ALJ is directed to reassess Dr. Wheeler's opinion on remand.

    C. <u>Dr. Weiss</u>

    Dr. Weiss performed psychological evaluations of Plaintiff in June and November 2016. AR 564-571, 673-678. He diagnosed Plaintiff with depressive disorder, anxious distress, and mild intellectual disability. AR 569. Dr. Weiss opined Plaintiff's abstract thinking and

judgment were impaired, his attention and concentration were adequate, and his insight was fair. AR 566. Dr. Weiss opined to several marked and severe limitations. *See* 666, 675. The ALJ discussed Dr. Weiss's opinions and gave them limited weight, saying:

> (1) As discussed in this decision, the claimant's scores on the WAIS-IV as administered by Dr. Weiss were substantially different in showing an intellectual disability when compared with the results the claimant achieved on the WAIS-III administered by Dr. Wheeler, which showed cognitive functioning squarely in the low average range. (2) Additionally, Dr. Weiss's assessment of intellectual disability and the associated marked and severe limitations he identified are inconsistent with the claimant's level of functioning longitudinally and during the relevant period. The evidence shows that he was able to obtain and maintain a driver's license, has a 10-year work history of performing preventative maintenance on vehicles. During the relevant period, he was able to take care of himself, his fiancé, and his four children, cook dinner and carry out routine daily activities in an independent manner even in the context of daily cannabis use.

AR 31 (citations omitted) (numbering added).

First, the ALJ discounted Dr. Weiss's opinion because the results from the intellectual test he conducted on Plaintiff were different than the results from a similar test Dr. Wheeler conducted. AR 31. But the ALJ did not explain why Dr. Wheeler's testing is more accurate or persuasive than Dr. Weiss's testing. Without an explanation as to why Dr. Wheeler's test is more accurate or persuasive, this reasoning is conclusory. *See Treichler*, 775 F.3d at 1103. Further, Dr. Weiss based his opinion on more than the WAIS-IV score. *See generally* AR 564-571, 673-678. He performed many tests, including the Wide Range Achievement Test III, serial sevens, a clinical interview, and a mental status exam finding Plaintiff's concentration, abstract thought, and insight and judgment not within normal limits. *See generally* AR 564-571, 673-678. Thus, the ALJ's first reason for discounting Dr. Weiss's opinion is not specific and legitimate and supported by substantial evidence.

Second, the ALJ discounted Dr. Weiss's opinion because the results from the intellectual test he conducted on Plaintiff and the associated marked and severe limitations he

identified are inconsistent with Plaintiff's functioning and activities of daily life. AR 31. Courts have repeatedly stated that "a person's ability to engage in personal activities such as cooking, cleaning, and hobbies does not constitute substantial evidence that he or she has the functional capacity to engage in substantial gainful activity." *Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998); *See O'Connor v. Sullivan,* 938 F.2d 70, 73 (7th Cir.1991) ("The conditions of work are not identical to those of home life."). Plaintiff's ability to take care of himself, his fiancé, and his four children, cook dinner, and carry out routine daily activities in an independent manner does not necessarily show he could "perform an eight-hour workday, five days per week, or an equivalent work schedule." *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1. Moreover, the ALJ failed to explain how Plaintiff's ability to take care of himself, his fiancé, and his four children, cook dinner, and carry out routine daily activities in an independent manner shows he could sustain a full-time work schedule. *See Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed. Appx. 522, 523 (9th Cir. 2008) (citing SSR 96-8p) ("Generally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work – eight hours per day, five days per week."). In addition, disability claimants "should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Thus, the ALJ's second reason for discounting Dr. Weiss's opinion is not specific and legitimate and supported by substantial evidence. The ALJ is directed to reassess Dr. Weiss's opinion on remand.

D. <u>Ms. Olson</u>

Ms. Olson, Plaintiff's case manager and purported mental health counselor, completed a mental source statement form in October 2017. AR 766-769. Ms. Olson opined to several

mild to severe limitations in check-box form. AR 766-769. On the form, Ms. Olson crossed out "physician's signature", wrote "counselor/case manager" in its place, and signed her name. AR 768. Ms. Olson wrote that she "works for Cascade Mental Health as a case manager/counselor…" AR 769.

It is unclear from the record whether the statement from Ms. Olson was intended as a medical opinion. Nonetheless, the ALJ did not address it. Because this matter is being remanded for the ALJ to reevaluate the opinions of Drs. Ho, Wheeler, and Weiss, the ALJ should consider Ms. Olson's statement on remand.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. On remand, the ALJ is directed to reevaluate the opinions of Drs. Ho, Wheeler, and Kimberly, as well as Ms. Olson's opinion. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 12th day of March, 2020.

David W. Christel
United States Magistrate Judge